

**FILED**

10/06/2020

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 19-0223

IN THE SUPREME COURT OF THE STATE OF MONTANA

DA 19-0223

_____

VOTE SOLAR, MONTANA ENVIRONMENTAL
INFORMATION CENTER, and CYPRESS CREEK
RENEWABLES, LLC,

      Plaintiffs and Appellees,

and

WINDATA, LLC,

      Plaintiff-Intervener and Appellee,

v.

THE MONTANA DEPARTMENT OF
PUBLIC SERVICE REGULATION,
MONTANA PUBLIC SERVICE COMMISSION,

      Defendant and Cross-Appellant,

NORTHWESTERN CORPORATION,
d/b/a NORTHWESTERN ENERGY,

      Defendant and Appellant,

and

THE MONTANA CONSUMER COUNSEL,

      Defendant-Intervener.

**FILED**

OCT 0 6 2020

Bowen Greenwood
Clerk of Supreme Court
State of Montana

O R D E R

_____

On September 9, 2020, Appellant NorthWestern Energy and Intervenor Montana Consumer Council filed a Joint Petition for Rehearing in the above-entitled matter. Appellee WINData and Appellees Vote Solar, Montana Environmental Information Center, and Cypress Creek Renewables filed responses objecting to the petition.

This Court generally will grant rehearing on appeal only if our initial decision overlooked some fact material to the decision, overlooked a question presented that would

have proven decisive to the case, or if the decision conflicts with a statute or controlling decision not addressed by the Court. M. R. App. P. 20(1)(a).

Having fully considered the parties' positions, we conclude rehearing is not warranted under the standards of M. R. App. 20(1)(a). However, in reviewing our Opinion while considering this Petition, we determined that clarification of specific portions of that Opinion is warranted. We will therefore issue an Amended Opinion with the following revisions to ¶¶ 15, 16, 42, 45, and 70:

¶ 15:

- Since 2012, the PSC has included carbon pricing when determining avoided cost rates <u>or approving NorthWestern's requested rate of return and its rate base amount</u>.
- In 2014, the PSC approved NorthWestern's proposal to collect through customer rates the avoided-carbon costs associated with its purchase and operation of hydroelectric ~~QFs~~ <u>facilities</u>.

¶ 16:

- In discussing carbon adder, the Dissent presents a false equivalent that the majority endorses what would be the "first-ever carbon adder in a QF-1 contract." Dissent, ¶ 84. But of course, as noted, consideration of carbon adders in QF contracts <u>and NorthWestern's applications for acquisition and approval of a rate base amount for its own projects</u> has been the case for other alternative sources, including hydro and wind power projects, since 2012.

¶ 42:

- In issuing Order No. 7323k, addressing ~~the avoided-cost rate for~~ <u>the Commission's approved "rate of return" and "rate base amount," which is substantially similar to a QF's avoided-cost rate for NorthWestern's acquisition of the</u> hydro ~~QFs~~ <u>facilities</u>, the PSC described the essential nature of including carbon emissions pricing in the avoided-cost rate, stating that NorthWestern must "consider risk costs related to potential carbon emissions regulation when planning for and acquiring new resources."

¶ 45:

- And, given that <u>NorthWestern's</u> hydro <u>facilities, as well as other</u> wind QFs enjoy a carbon adder in ~~its~~ <u>their</u> avoided-cost rates <u>or the equivalent rate base amount</u>, to exclude carbon costs from the avoided-cost rate ~~exclusively~~ for ~~solar~~ QFs, particularly given greatly reduced

2

maximum-length contracts, is discriminatory to ~~solar~~ QFs and in violation of PURPA. 16 U.S.C. § 824a-3(b).

¶ 70:

- And, it is undisputed that NorthWestern's own resources enjoy <u>a</u> <u>guaranteed cost-recovery or rate of return, which is functionally</u> <u>equivalent to a</u> contracts, for at least 25 years.

IT IS HEREBY ORDERED that the petition for rehearing is DENIED.

IT IS FURTHER ORDERED that an Amended Opinion is issued herewith.

The Clerk is directed to provide a copy of this Order to all counsel of record.

DATED this 6th day of October, 2020.

_____
Chief Justice

_____

_____

_____

_____
Justices

Justice Beth Baker, concurring and dissenting.

I would deny rehearing of the jurisdictional and carbon-adder issues. I also disagree with the PSC that the Court's Opinion prevents the Commission from establishing separate

3

avoided energy and capacity costs with the proxy method in future dockets, and I would not grant rehearing on that point. I would grant rehearing, however, for the purpose of remanding to the PSC to reconsider its application and explanation of the SPP planning criteria and appropriate contract length in light of the deficiencies identified in the Opinion. I also would clarify, as pointed out in my special concurrence, that the Court does not affirm the District Court's findings in their entirety or the relief ordered, but does affirm its decision to vacate the PSC's symmetry finding.

_____
Justice